**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>United States Forest Service, et al.,<br><br>　　　　　Defendants. | No. CV-24-00031-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Salt River Wild Horse Management Group and the American Wild Horse Campaign's (collectively, the "Wild Horse Preservation Groups" or the "Groups") Motion for Leave to File Brief of *Amicus Curiae* Salt River Wild Horse Management Group and American Wild Horse Campaign or, in the alternative, Motion to Submit Proposed Intervenors' Response in Opposition to Plaintiffs' Motion to Alter or Amend Judgment. (Doc. 52). Plaintiffs filed a Response. (Doc. 53).

**I.    BACKGROUND**

The Wild Horse Preservation Groups previously filed a Motion to Intervene as a defendant in this case. (Doc. 18). The Court denied that motion as moot because the Court granted Defendants' Motion to Dismiss. (Doc. 45). Plaintiffs then filed a Motion to Alter or Amend Judgment. (Doc. 47). Defendants filed a Response. (Doc. 50). Plaintiffs filed a Reply. (Doc. 51). The Groups then filed the pending Motion. (Doc. 52). Plaintiffs filed a Response.[1] (Doc. 53).

---

[1] "Plaintiffs take no position as to whether this Court should grant leave, but respond here to quickly explain why the proposed brief is of no consequence to Plaintiffs' motion."

## II. ANALYSIS
### a. *Amicus Curiae*
#### i. Legal Standard

"The Federal Rules of Civil Procedure and the local rules of this District do not cover *amicus curiae* procedures." *Hualapai Indian Tribe v. Haaland*, No. CV-24-08154-PCT-DJH, 2024 WL 4475094, at *1 (D. Ariz. Oct. 11, 2024); *see also Ctr. for Biological Diversity v. United States Env't Prot. Agency,* No. CV-20-00555-TUC-DCB, 2023 WL 4542990, at *1 (D. Ariz. June 27, 2023). As such, the ultimate decision whether to permit a non-party leave to submit a brief, as *amicus curiae*, is a matter within the broad discretion of the courts. *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903). Generally, the role of *amici* is threefold: (1) to assist in a case of general public interest; (2) to supplement the efforts of counsel; and (3) to draw the court's attention to law that has escaped consideration. *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

"[C]ourts within this district have reviewed Federal Rule of Appellate Procedure 29, as persuasive authority, in considering whether an *amicus* brief will be of assistance to the Court." *Hualapai Indian Tribe*, CV-24-08154-PCT-DJH, 2024 WL 4475094, at *1. Rule 29(a) provides that a party other than the United States may file a brief as *amicus curiae* by leave of court or if all the parties have consented to its filing. Fed. R. App. P. 29(a)(2). Under Rule 29(a)(6), "[a]n amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). The brief must "identify the interests of the amici-party, whether counsel for any party authored the brief, and explain the relevancy of the *amicus* briefing." *Ctr. for Biological Diversity v. United States Env't Prot. Agency*, No. CV-20-00555-TUC-DCB, 2023 WL 4542990, at *1 (D. Ariz. June 27, 2023) (citing Fed. R. App. P. 29(b)(3)-(4)).

#### ii. Analysis

Plaintiffs filed their Motion to Alter or Amend Judgment on September 20, 2024.

---

(Doc. 53 at 2).

(Doc. 47). Defendants filed a response on October 4, 2024. (Doc. 50). Plaintiffs filed a reply on October 11, 2024. (Doc. 51). The Wild Horse Preservation Groups filed the pending motion on October 30, 2024. (Doc. 52). The Groups note that they "had to become familiar with the Tonto National Forest Land Management Plan so as to effectively present [their] argument." (Doc. 52 at 4).

The Court is unpersuaded by the proffered reason for the Groups' untimeliness.[2] Because the Groups did not seek to participate in this litigation as *amicus* within seven days of the Rule 59(e) motion filed in this case, the response, or the reply, the Court finds the *amicus* brief untimely.

Alternatively, the Court finds the *amicus* brief unnecessary. The proposed *amicus* brief addresses arguments made by Plaintiffs in Plaintiffs' Motion to Alter or Amend Judgment. (Doc. 47). The Court may grant a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) under four basic grounds:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Plaintiffs argue that the Court made a manifest error of law when it analyzed whether procedural compliance "would," instead of "could," further Plaintiffs' interests. (Doc. 47 at 7). The Groups argue that the Court's usage "of the words 'would' or 'could' in considering the standing prongs of causation and redress[a]bility is of no consequence because the lack of overlapping habitat prevents the hiring of a liaison under the CSA from 'affecting' the [endangered species]." (Doc. 52-2 at 4). To respond to Plaintiffs' argument regarding the Court's usage of "would" versus "could," the Groups would have to argue that the Court did not make a manifest error of law. Instead, the Groups argue that the result is inconsequential. (Doc.

---

[2] The Groups have had ample time to review this case, including the Tonto National Forest Land Management Plan (the "Plan"). The Groups filed a similar motion in this case in March and mentioned the Plan. (Doc. 18 at 4-5). The Groups have also known that the Court took judicial notice of the Plan since August 26, 2024. (Doc. 45 at 10).

52-2 at 4 ("This lack of overlapping habitats dooms Plaintiffs' argument regardless of whether the Court uses 'would' or 'could' verbiage."). As such, the Groups have made what amounts to an argument on the merits[3] which is not relevant to the currently pending Rule 59(e) analysis of whether the Court committed a manifest error of law. For this reason, the Court will deny the Motion for Leave to File Brief of *Amicus Curiae* without prejudice. However, the Groups may re-file this motion with the Court of Appeals if an appeal is filed.

### b. Alternative Relief

In the alternative, the Wild Horse Preservation Groups, as proposed intervenors, move to submit their response in opposition to Plaintiffs' Motion to Alter or Amend Judgment. (Doc. 52 at 1). This alternative relief is unnecessary because to the extent the Groups seek to have a record of their brief, such a record already exists. The Groups, through the pending motion, submitted their brief prior to the Court issuing an order regarding Plaintiffs' Motion to Alter or Amend Judgment. (Doc. 52-2).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion for Leave to File Brief of *Amicus Curiae* Salt River Wild Horse Management Group and American Wild Horse Campaign or, in the alternative, Motion to Submit Proposed Intervenors' Response in Opposition to Plaintiffs' Motion to Alter or Amend Judgment (Doc. 52) is denied without prejudice.

Dated this 18th day of November, 2024.

James A. Teilborg
Senior United States District Judge

---

[3] Plaintiffs agree: "Proposed-Intervenors are prematurely seeking to attack the merits of Plaintiffs' allegations regarding their [Endangered Species Act] claim. Such an effort ignores the basic principle that 'the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim.'" (Doc. 53 at 2 (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)).